**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony James PALAZZOLO (94–1364),**
**and Richard Rosenbaum (94–1553),**
**Defendants–Appellants.**

**Nos. 94–1364, 94–1553.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 5, 1995.

Decided Dec. 26, 1995.

David Debold (argued and briefed), Office of U.S. Atty., Detroit, MI, for U.S.

Hugh M. Davis, Jr. (argued and briefed), Hugh M. Davis, Jr., P.C., Detroit, MI, for Anthony James Palazzolo.

James W. Burdick (argued), Hertz, Schram & Saretzky, Bloomfield Hills, MI, for Richard William Rosenbaum.

Before: LIVELY, RYAN, and SILER, Circuit Judges.

LIVELY, Circuit Judge.

Two jointly-tried defendants appeal from their jury convictions for conspiracy to commit three offenses detailed in an indictment. In addition, they appeal from their convictions for substantive offenses in carrying out the purposes of the conspiracy. In this opinion we address only their appeal from the conspiracy convictions. We deal with issues related to the substantive offenses in an unpublished opinion issued simultaneously with this opinion.

The question now before us is whether the general verdict finding the defendants guilty of conspiracy must be reversed because the district court's instructions erroneously stated the government's burden of proof with respect to one of the three purposes of the conspiracy charged in the indictment. We conclude that the conspiracy conviction cannot stand and, accordingly, reverse.

## I.

### A.

The prosecution arose out of transactions involving an undercover Canadian police officer who posed as a heroin dealer in conversations with Lorenzo Viviano. Viviano brought the defendants Anthony Palazzolo and Richard Rosenbaum, and Anthony Palazzolo's brother, Salvatore Palazzolo, into conversations where money laundering was discussed. The undercover officer, Dennis Travanut, eventually delivered $150,000 in small bills to Viviano and Salvatore Palazzolo and received back from them gold coins allegedly acquired from Rosenbaum. These cash transactions occurred in 1990, and were never reported to the government as required by law.

The first count in a 22–count indictment charged Viviano, Anthony Palazzolo and Rosenbaum with conspiracy (1) to launder money that was proceeds from the distribution of illegal drugs; (2) to structure and assist in structuring transactions to avoid a bank's reporting requirements for large cash transactions; and (3) to cause Rosenbaum's stamp and coin business to fail to file a return required for transactions involving cash in excess of $10,000 (IRS Form 8300).

Viviano pled guilty and did not testify at the joint trial of Anthony Palazzolo and Richard Rosenbaum. Salvatore Palazzolo was not indicted.

### B.

With regard to the conspiracy count, the district court instructed the jury that it was sufficient for the government to prove that the defendants were involved in a conspiracy to commit any one or more of the three target offenses listed in the indictment and instructions. The court also told the jury, however, that the conspiracy count accused the defendants of conspiring to commit the crimes of failure to file forms, structuring transactions "and" money laundering. As to

one of three charged objects of the conspiracy, the crime of structuring transactions, the court instructed the jury that it was not necessary to find that the defendants knew structuring was unlawful.

The jury returned general guilty verdicts against Palazzolo on all counts and against Rosenbaum on all counts against him except the ones charging money laundering.

On March 8, 1994, the district court granted the defendants' motions for a new trial on Counts 16 and 22 (the substantive charges of "structuring") because an intervening Supreme Court decision held, contrary to the court's instructions in the present case, that a defendant must have known structuring was illegal to be found guilty of the offense. See *Ratzlaf v. United States*, —— U.S. ——, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994). On all other counts, the court denied the motions for new trials or judgments of acquittal.

## II.

### A.

■ The district court properly granted a new trial on the substantive offenses of structuring transactions to avoid reporting requirements. The intervening Supreme Court decision in *Ratzlaf* rendered the instruction on that charge erroneous because the district court had told the jury the government was not required to prove that the defendants knew the structuring was unlawful in order to convict. The district court refused, however, to grant a new trial on the basis of its conspiracy instruction. The denial of this motion constituted reversible error.

As previously stated, the indictment charged the defendants with conspiracy to commit three substantive offenses. In detailing the proof required for a guilty verdict on the conspiracy count, the district judge instructed the jury that the government was required to prove only that the defendants conspired to commit any one or more of the offenses named. It is the disjunctive phrasing of the instruction that creates the problem. The defendants argue because the jury was told it could convict them under Count 1 (the conspiracy count) upon finding beyond a reasonable doubt that they conspired to commit any one or more of the named offenses, it is impossible to be certain that the jury's general guilty verdict under Count 1 was not based solely on the admittedly erroneous instruction related to the structuring offense.

### B.

In *Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931), the Supreme Court dealt with a conviction under a state law making it unlawful to display a red flag for any of three purposes. After the state appellate courts affirmed the convictions, the defendant appealed to the United States Supreme Court on the ground that her conviction violated the Due Process Clause of the Fourteenth Amendment. The Supreme Court agreed that one of the purposes stated in the statute was invalid as an abridgement of the right of free speech guaranteed by the First Amendment, and applicable to the states under the Fourteenth Amendment. *Id.* at 369–70, 51 S.Ct. at 535–36. The jury had been instructed that they could render a guilty verdict upon finding that the defendant acted for any of the three purposes listed in the statute. *Id.* at 368, 51 S.Ct. at 535. Inasmuch as the jury rendered a general verdict of guilty, the Court found that "it is impossible to say under which clause of the statute the conviction was obtained. If any one of these clauses, which the state court has held to be separable, was invalid, it cannot be determined upon this record that the [defendant] was not convicted under that clause." *Id.*

Following *Stromberg*, the Supreme Court stated in *Williams v. North Carolina*, 317 U.S. 287, 292, 63 S.Ct. 207, 210, 87 L.Ed. 279 (1942): "To say that a general verdict of guilty should be upheld though we cannot know that it did not rest on the invalid constitutional ground on which the case was submitted to the jury, would be to countenance a procedure which would cause a serious impairment of constitutional rights."

In *Yates v. United States*, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957), the Supreme Court applied the *Stromberg* rule for the first time in a case involving a general verdict of conviction that may have rested on

a nonconstitutional error with respect to one of the charged offenses. The *Yates* Court stated:

> In these circumstances we think the proper rule to be applied is that which requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected. *Stromberg v. California,* 283 U.S. 359, 367–368 [51 S.Ct. 532, 535, 75 L.Ed. 1117]; *Williams v. North Carolina,* 317 U.S. 287, 291–292 [63 S.Ct. 207, 209–210, 87 L.Ed. 279]; *Cramer v. United States,* 325 U.S. 1, 36, n. 45 [65 S.Ct. 918, 935 n. 45, 89 L.Ed. 1441].

354 U.S. at 312, 77 S.Ct. at 1073.

In *Zant v. Stephens,* 462 U.S. 862, 881, 103 S.Ct. 2733, 2744–45, 77 L.Ed.2d 235 (1983), the Supreme Court described its *Stromberg* holding as follows:

> [A] general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground.

The *Zant* Court affirmed the death sentence at issue, however, because the jury's sentence had not left the reviewing court in doubt as to its basis; rather, the jury had expressly based its decision on a ground that was legally sufficient. *Id.* at 886–88, 103 S.Ct. at 2747–49.

### C.

The government argues reversal is not required in the present case because its unique facts make it clear that the verdict was based on a ground that was legally sufficient. The government finds support for its position in several decisions of this court. See, *e.g., United States v. Runnels,* 833 F.2d 1183, 1189 (6th Cir.1987) (*Runnels I* ) ("[A]ppellate courts have affirmed convictions based on an erroneous instruction where the jury's verdict necessarily demonstrates that it found against the defendants on all the facts necessary to convict on a proper theory or instruction which was also before the jury."), *reh'g granted and vacated on other grounds,* 842 F.2d 909 (6th Cir.1988), *on reh'g,* 877 F.2d

481 (6th Cir.1989) (*en banc* ) (*Runnels II* ). Although the court affirmed the defendant's mail fraud conviction in *Runnels I,* it ultimately reversed the conviction in *Runnels II* upon the *en banc* court's determination that the government had obtained the conviction solely on the basis of the invalid "intangible rights" doctrine rather than on the valid basis that the defendant's unlawful acts deprived another of an economic benefit, as was erroneously found by the original panel. *Runnels II,* 877 F.2d at 485–90.

Despite the ultimate outcome of the appeals by Runnels, this court has adhered to its view that it may determine from the record in a given case that the jury "necessarily" based a conviction on a valid ground even though the instructions also permitted conviction on grounds subsequently held invalid. See *Callanan v. United States,* 881 F.2d 229, 234–35 (6th Cir.1989) (record made it clear that jury found defendant had committed two valid predicate acts required for RICO conviction), *cert. denied,* 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990). Other circuits have followed a similar approach, affirming RICO convictions where defendants have been acquitted of some predicate acts or some predicate act charges are subsequently invalidated, as long as it is possible to find that at least two legally sufficient predicate acts necessarily supported the convictions. See, *e.g., United States v. Riccobene,* 709 F.2d 214, 226–30 (3d Cir.), *cert. denied,* 464 U.S. 849, 104 S.Ct. 157, 78 L.Ed.2d 145 (1983); *United States v. Pepe,* 747 F.2d 632, 667–68 (11th Cir.1984); *United States v. Lopez,* 803 F.2d 969, 976–77 (9th Cir.1986), *cert. denied,* 481 U.S. 1030, 107 S.Ct. 1958, 95 L.Ed.2d 530 (1987); *Brennan v. United States,* 867 F.2d 111, 114–16 (2d Cir.), *cert. denied,* 490 U.S. 1022, 109 S.Ct. 1750, 104 L.Ed.2d 187 (1989).

■ In a somewhat convoluted argument that assumes too much, the government contends that a close examination of the elements of the charged offenses and the evidence admitted at trial in this case indicates conclusively that the jury convicted the defendants for the properly instructed and valid charge of causing a failure to file Form

8300s as required by 26 U.S.C. § 6050I. Because only Rosenbaum was required to file Form 8300s, and the jury convicted both defendants of violating 26 U.S.C. §§ 6050I and 7203, the government asserts that the jury must have derived its joint guilty verdict on the conspiracy charge from a finding that Palazzolo aided and abetted in a willful failure to file.

The jury in this case was not explicitly told in the instructions that Palazzolo by himself could not violate 26 U.S.C. § 6050I. Furthermore, a finding by the jury that Palazzolo was guilty of aiding and abetting, which was defined in the jury charge as "help[ing] to commit or encourag[ing] someone else to commit or encourage [a] crime" is not the equivalent of a finding of conspiratorial agreement. As we stated in *United States v. Frazier*, 880 F.2d 878, 886 (6th Cir.1989) (citation omitted), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1142, 107 L.Ed.2d 1046 (1990): "There is no requirement that there be an agreement in order to convict of aiding and abetting. Conspiracy to commit a crime and aiding and abetting in its commission are distinct offenses." See also *United States v. Cooke*, 795 F.2d 527, 530 (6th Cir.1986) and *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 178 (6th Cir.1992) (both holding that conspiracy and aiding and abetting are distinct offenses).

The "one-is-enough" conspiracy charge submitted to the jury in the instant case makes it impossible to know if the jury found an agreement for the commission of all, some or only one of the target crimes. *United States v. Carman*, 577 F.2d 556, 566–68 (9th Cir.1978). Indeed, the possible objects of the conspiracy were listed by the court below conjunctively as well as disjunctively. If we could be certain that the jurors relied on the conjunctive version in the instructions, the government's argument would prevail, since the jury would have found the requisite agreement as to all the charged objectives in convicting the defendants of conspiracy, necessarily including two valid charges. Again, however, the inconsistency in the jury instructions simply complicates the exercise in speculation urged by government and nullifies the argument that the jury "necessarily"

based its verdict on a finding that the defendants conspired to commit one of the offenses properly defined in the instructions.

The government also argues that the conviction of both defendants on charges of interstate travel in aid of money laundering indicates that the jury did not rely on the improperly defined structuring charge. Once again, the government relies on its view of probabilities concerning the jury's reasoning rather than a conclusive showing from the record that the jury "necessarily" based its verdict on one of the properly-instructed offenses. Although there are similarities between the present case and *United States v. Santos*, 20 F.3d 280, 283 n. 2 (7th Cir.1994), critical differences in the statutes the defendants were charged with violating in the two cases convince us that *Santos* should not be applied to support an affirmance here.

Finally, the Supreme Court's holding and rationale in *Griffin v. United States*, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), do not require affirmance. In *Griffin*, the defendant was charged with a multiple-object conspiracy. The evidence was sufficient to prove her participation in one of the objects, but not the other. The district court gave an "either one" instruction—that the jury could convict if it reached the requisite conclusion of guilt as to either object. The jury convicted the defendant of conspiracy with a general verdict. Although the court of appeals found the evidence insufficient as to one of the charged objects of the conspiracy, it affirmed the conviction because there was sufficient evidence to support a finding that the defendant participated in the other object of the conspiracy.

The Supreme Court affirmed, finding the "either one" instruction proper and long recognized at common law. 502 U.S. at 49–51, 112 S.Ct. at 469. The Court also found no due process violation. *Id.* at 51–55, 112 S.Ct. at 470–71. The Court interpreted *Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), as applying in situations where there is a general verdict and insufficient evidence to support a finding of guilty on one offense described in an indictment but sufficient evidence to support a guilty finding on another offense so described. The Court

reasoned that a jury is able to evaluate sufficiency of the evidence as opposed to being able to recognize and disregard legal errors. *Id.* at 59, 112 S.Ct. at 474. The Court stated:

> Jurors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law—whether, for example, the action in question is protected by the Constitution, is time barred, or fails to come within the statutory definition of the crime. When, therefore, jurors have been left the option of relying upon a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error. Quite the opposite is true, however, when they have been left the option of relying upon a factually inadequate theory, since jurors *are* well equipped to analyze the evidence, see *Duncan v. Louisiana*, 391 U.S. 145, 157 [88 S.Ct. 1444, 1451–52, 20 L.Ed.2d 491] (1968).

*Id.* (emphasis in original).

In the present case, the court gave an instruction that was legally incorrect. The jury had no way of determining that the instruction misstated the law in defining the elements of one of the offenses the defendants were charged with conspiring to commit. Unlike a case where the possibility of error by the jury consists of considering a conviction on insufficient evidence as in *Turner* and *Griffin,* here the possibility of error consisted of the jury following an erroneous instruction of the law. We cannot say that anything in the record points to a conclusion that the jury detected the error in the instructions and refused to convict for conspiracy based on the structuring charge. Indeed, we must assume that the verdict lends itself at least to the possibility that the jury found the defendants guilty only of conspiring to violate the law against structuring transactions for the illegal purpose described in the indictment. Because that charge was submitted under an instruction that permitted the jury to convict without requiring the government to prove all the elements of the offense, it would be a violation of the defendants' due process rights to permit such a verdict to stand.

The convictions for conspiracy are **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion.