107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. WYLEY, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3784.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1997.
 
 Before: NELSON and NORRIS, Circuit Judges; and HIGGINS, District Judge*.
 PER CURIAM.
 
 
 1
 James R. Wyley, Jr., a pro se federal prisoner, appeals the district court's denial of his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.
 
 
 2
 Mr. Wyley was convicted by a jury of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), possession with intent to distribute cocaine base, and 18 U.S.C. § 924(c)(1), carrying a firearm in relation to a drug trafficking crime. He did not receive a downward departure for acceptance of responsibility, and he was sentenced to 138 months in prison. This court affirmed his conviction and sentence on appeal. Opinion filed June 26, 1992, in Case No. 91-3904.
 
 
 3
 Mr. Wyley now contends that his Section 2255 motion should be granted because he received ineffective assistance of counsel from both his trial counsel and appellate counsel and that the evidence was insufficient to convict him of carrying a firearm under 18 U.S.C. § 924(c). Specifically, he asserts that he received ineffective assistance of counsel because: 1) his trial attorney was not a seasoned federal attorney, did not properly investigate his case, failed to prepare an adequate defense and failed to request a jury instruction on the lesser included offense of possession under 21 U.S.C. § 844; and 2) his appellate counsel failed to seek his input in his appeal or communicate with him during that process.
 
 
 4
 The court reviews a judgment denying a motion under 28 U.S.C. § 2255 de novo, examining the district court's findings of fact for clear error. Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992), cert. denied, 507 U.S. 932, 113 S.Ct. 1314, 122 L.Ed.2d 702 (1993).
 
 
 5
 With regard to his trial counsel, the district court[1] determined that the appellant was not free to challenge his conviction based on ineffective assistance of counsel in his motion for relief under Section 2255 because he had previously argued ineffective assistance of counsel in the direct appeal of his conviction. This court agrees. Once an issue has been adjudicated on direct appeal, it cannot be revisited under the guise of a motion to vacate. See Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974), cert. denied, 423 U.S. 861, 96 S.Ct. 116, 46 L.Ed.2d 88 (1975).
 
 
 6
 Additionally, Mr. Wyley asserts that his appellate counsel was as ineffective as his trial counsel, which precluded him from properly presenting his claims on direct appeal. To establish a claim of ineffective assistance of counsel, Mr. Wyley bears the burden of showing that the representation of his appellate counsel was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).
 
 
 7
 In Strickland, the Supreme Court of the United States announced that:
 
 
 8
 [a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or ... sentence has two components. First, the defendant must show that counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense.
 
 
 9
 Id., 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. This standard is applicable to federal collateral proceedings, as well as to direct appeals and motions for a new trial. Id. at 697, 104 S.Ct. at 2070, 80 L.Ed.2d at 700. To prove the first component, deficient performance, the appellant must show that his attorney's "representation fell below an objective standard of reasonableness." Id. at 687-88, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. The inquiry for a reviewing court "must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. A reviewing court should recognize the strong presumption in favor of finding that the appellant's counsel "rendered adequate assistance," and that even seasoned trial attorneys would defend the same defendant in different ways. Id. at 689-90, 104 S.Ct. at 2065-66, 80 L.Ed.2d at 694-95.
 
 
 10
 To prove the second component, prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. Prejudice is presumed only in cases of egregious conduct by either the government or defense counsel. See id. at 692, 104 S.Ct. at 2067, 80 L.Ed.2d at 696.
 
 
 11
 The appellant does not allege any conduct by the government or his attorney sufficiently egregious to lead to a presumption of prejudice. Mr. Wyley's motion fails to show either deficient performance or prejudice due to his attorney's actions. The appellant asserts that his counsel failed to maintain consistent communication and seek his input during the appellate process. According to Mr. Wyley, the failure to communicate during this process resulted in the appeal of only the narrow issues which were presented in the district court. Absent exceptional circumstances, Mr. Wyley's appellate counsel was limited to addressing only those issues represented by the trial record, regardless of his level of communication with Mr. Wyley. Furthermore, Mr. Wyley does not bring to the attention of this court any other nonfrivolous issues which his attorney might have raised on appeal. As such, we find that there is no merit to the appellant's claim of ineffective assistance of counsel.
 
 
 12
 Finally, the appellant asserts that the evidence was insufficient to uphold his conviction under the "carry" prong of 18 U.S.C. § 924(c)(1). He also contends that the jury instructions on section 924(c)(1) were misleading and erroneous. The government contends that Mr. Wyley is precluded from raising this issue at this point because he failed to do so on direct appeal or in his Section 2255 motion in the district court. Furthermore, the government argues that questions of sufficiency of evidence are inappropriate for Section 2255 relief. It is well established that habeas corpus is not an appropriate means to determine guilt or innocence; it is a tool created to help the courts avoid perpetrating grave constitutional errors. Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203, 216 (1993).
 
 
 13
 However, since the filing of Mr. Wyley's direct appeal, the Supreme Court's decision in Bailey v. United States, --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), has had a significant effect upon the standard of proof necessary to establish an offense under 18 U.S.C. § 924(c)(1). As the analysis of the sufficiency of the proof and the jury instructions in light of the new Bailey standard raise the possibility of a conviction for "an act that the law does not make criminal," we must address the appellant's contentions. Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109, 119 (1974). In order to sustain Mr. Wyley's conviction, we must find that the jury based the conviction on conduct which would be criminal under the standard established in Bailey. See United States v. Moore, 76 F.3d 111, 113-14 (6th Cir.1996) (citing Zant v. Stephens, 462 U.S. 862, 881, 103 S.Ct. 2733, 2744, 77 L.Ed.2d 235 (1983); United States v. Palazzolo, 71 F.3d 1233, 1235-37 (6th Cir.1995)).
 
 
 14
 In Bailey, the Supreme Court held that a conviction under the "use" prong of section 924(c)(1) "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Bailey, --- U.S. at ----, 116 S.Ct. at 505, 133 L.Ed.2d at 480. The Court remanded Bailey for consideration of whether placement of the weapons in the locked car trunk and in a locked footlocker inside a closet constituted "carrying" under the alternative basis for a section 924(c)(1) conviction.[2]
 
 
 15
 Since the decision in Bailey, this court has decided two cases, United States v. Riascos-Suarez, 73 F.3d 616 (6th Cir.), cert. denied, 117 S.Ct. 136 (1996), and Moore, 76 F.3d 111, bearing on the "carry" prong of section 924(c)(1). In Riascos-Suarez, the officers' search of the defendant's automobile yielded cocaine, money, ammunition and a loaded handgun "protruding from the driver's side of the console." Riascos-Suarez, 73 F.3d at 620. Having connected the defendant to a meeting set up with other individuals at a motel, the government charged the defendant with conspiracy to possess cocaine and carrying a firearm in relation to a drug trafficking crime. Id. Given the availability of the firearm and the evidence found in the automobile indicating that the defendant was en route to or from engaging in a drug trafficking crime, this court found that the defendant was carrying the firearm in furtherance of the crime in violation of section 924(c)(1). Id. at 624.
 
 
 16
 In Riascos-Suarez, this court held "that in order for a defendant to be convicted of carrying a gun in violation of section 924(c)(1), the firearm must be immediately available for use--on the defendant or within his or her reach. Such availability takes the weapon beyond simple possession or storage." Id. at 623. We have also noted, however, that immediate availability, alone, is not sufficient to find that a defendant was carrying a firearm without the element of physical transportation. Moore, 76 F.3d at 113. Additionally, as a second element, the government must prove that the firearm "furthered the purpose or effect of the crime and that its presence or involvement was not the result of coincidence." Riascos-Suarez, 73 F.3d at 623 (citations omitted).
 
 
 17
 In the present case, the evidence established that when he was arrested, Mr. Wyley had been driving in his car with a large amount of cocaine base, some of which was packaged individually as if for distribution, and a readily accessible M-11 9 millimeter assault pistol. Testimony revealed that the arresting officers watched as Mr. Wyley threw the black bag containing the assault pistol into the back of the automobile as the officers approached. Joint Appendix at 174. It was further established that the officers observed the pistol to have a bullet in the chamber and the safety in the "off" position. Id. at 191. Additionally, the arresting officers established that they found small, individually wrapped packages of cocaine base and money in small denominations in a bag around Mr. Wyley's neck, as well as another bag in the automobile full of various drug paraphernalia, indicating Mr. Wyley's intent to distribute the cocaine base. Id. at 177.
 
 
 18
 In light of the evidence supporting the intent to distribute cocaine base, the immediate availability and readiness of the firearm and the fact that Mr. Wyley was physically transporting the firearm in his automobile, we conclude that there was sufficient evidence for the jury to convict him under 18 U.S.C. § 924(c)(1).
 
 
 19
 Having determined that the evidence supports the appellant's conviction under 18 U.S.C. § 924(c)(1), we must review the jury instructions given by the district court in light of the decision in Bailey. As noted previously, we must vacate the appellant's conviction under section 924(c)(1) "[u]nless we find that the jury necessarily based its verdict on conduct that, after Bailey, is still considered criminal." Moore, 76 F.3d at 112.
 
 
 20
 The district court charged the jury in this case as to the essential elements of the offense charged in Count Two as follows:
 
 
 21
 First, that on or about the date alleged in the indictment, the defendant carried a firearm; and
 
 
 22
 Second, that the defendant had knowledge that what he was carrying was a firearm; and
 
 
 23
 Third, that the defendant carried a firearm during and in relation to the drug trafficking crime charged in Count 1.
 
 
 24
 In defining and explaining these essential elements, the district court gave the following additional instructions:
 
 
 25
 The term "carry" means to bear on or about one's person or to be convenient of access or within reach. It is not necessary for a firearm to have been physically carried on the person of the defendant for the defendant to have carried the firearm during and in relation to a drug trafficking crime, so long as it is readily available for the defendant's use during the commission of the drug trafficking crime to protect the drug stash, individuals engaged in the drug-trafficking enterprise, or money associated with the drug-trafficking activity.
 
 
 26
 Although proof of the mere presence of a firearm near the commission of a drug trafficking crime is not sufficient to show that the gun was used in relation to that crime, if you find that firearms were present and readily accessible to the defendant in order to protect contraband or to secure and enforce drug transactions, you may find that the firearms were used in relation to the underlying drug trafficking crime.
 
 
 27
 If you find that the defendant had ready access to a firearm and that the firearm emboldened the defendant in committing [sic] drug-trafficking crime, alleged in the indictment, then you may find that the defendant used the firearm during and in relation to the drug trafficking crime.
 
 
 28
 You need not find that a firearm was actually brandished; fired or displayed in order to find that it was used in connection with a drug-trafficking offense, so long as you find that the firearm served as an integral part of the drug-trafficking enterprise as alleged in the indictment and that its availability increased the likelihood that the drug-trafficking undertaking would succeed.
 
 
 29
 If you find that the defendant was engaged in the commission of the drug trafficking crime alleged in the indictment and that a firearm was readily accessible, and the evidence shows that the firearm was used to protect drugs, money or individuals engaged in the drug-trafficking enterprise or to otherwise facilitate, secure or enforce a drug transaction or to intimidate, then you may find that the firearm was used during and in relation to a drug-trafficking crime.
 
 
 30
 Under the standard established in Moore, finding that the firearm was "readily accessible" is not sufficient to sustain a conviction for "carrying" a firearm in violation of 18 U.S.C. § 924(c)(1). See Moore, 76 F.3d at 113 ("Immediate availability is therefore a necessary, but not sufficient, determinant."). After the decision in Moore, a finding of "carrying" requires, in addition to immediate availability, that there exists some evidence of the defendant having brought along or physically transported the firearm. Id. As such, the district court's definition of carry ("means to bear on or about one's person"), however inartful, was sufficient in light of Bailey and its progeny in this Circuit.
 
 
 31
 While a more elaborate definition of the physical transportation element of the "carry" prong was not set forth in the jury instructions, the portion defining "carry" accurately represented the current definition of the term, including the requirement that the firearm be readily available. Furthermore, there is no dispute that the firearm was being transported in the vehicle by Mr. Wyley. Thus, had the instructions included the physical transportation element with greater clarity, the jurors could only conclude under the evidence in this case that the defendant was carrying the firearm during and in relation to a drug trafficking crime. Accordingly, we conclude that the jury instructions were adequate in this case.
 
 
 32
 We do note that throughout the latter part of the instructions, the district court utilized the term "used," even though the defendant was not charged under this prong of the statute. After Bailey, the terms "use" and "carry" are not interchangeable. However, the district court recited the essential elements required to prove the "carry" prong of 18 U.S.C. § 924(c)(1) and sufficiently defined that element under the statute. Although the district court's utilization of the term "used" was improvident, it did not prejudice the outcome of the trial.
 
 
 33
 Accordingly, the district court's judgment is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee
 
 
 [1]
 The district court did not address Mr. Wyley's assertion that his appellate counsel also provided ineffective representation
 
 
 [2]
 The bulk of the Bailey opinion focused on the term "use" because the Court of Appeals had not analyzed the conviction under the "carry" prong of section 924(c)(1). Bailey, --- U.S. at ----, 116 S.Ct. at 509, 133 L.Ed.2d at 485