UNITED STATES of America,
Plaintiff–Appellee,

v.

Eric TAYLOR a/k/a "Shug",
Defendant–Appellant.

No. 94–3853.

United States Court of Appeals,
Sixth Circuit.

Argued May 1, 1995.

Decided Dec. 10, 1996.

Michael J. Burns, Asst. U.S. Attorney (briefed), Office of the U.S. Attorney, Columbus, OH, for Plaintiff–Appellee.

Dennis C. Belli (briefed), Columbus, OH, for Defendant–Appellant.

Before: KENNEDY and SUHRHEINRICH, Circuit Judges; HILLMAN, District Judge.*

The court delivered a PER CURIAM opinion. HILLMAN, D.J. (pp. 771–76), delivered a separate dissenting opinion.

PER CURIAM.

On April 6, 1994, defendant Eric Taylor was convicted by a jury of two counts of possession with intent to distribute cocaine base, in violation of various federal statutes, and of one count of using or carrying a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Defendant appealed his convictions and sentence on several grounds. This Court affirmed the convictions, but remanded the case to the district court for resentencing. *United States v. Taylor,* 66 F.3d 327 (6th Cir.1995) (unpublished decision).

Defendant thereafter filed a petition for writ of certiorari with the Supreme Court.

* The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation.

On February 20, 1996, the Supreme Court granted the petition, vacated this Court's judgment and remanded the case to this Court for further consideration in light of *Bailey v. United States,* — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), issued subsequent to this Court's opinion on direct appeal. *Taylor v. United States,* — U.S. —, 116 S.Ct. 900, 133 L.Ed.2d 834 (1996). We requested and received supplemental briefs from the parties, which we have now considered. For the reasons stated below, we now AFFIRM defendant's convictions.

## DISCUSSION

At issue on remand is Taylor's conviction for violating 18 U.S.C. § 924(c)(1), which subjects to criminal liability a person who "during and in relation to any ... drug trafficking crime ... uses or carries a firearm." In *Bailey,* — U.S. —, 116 S.Ct. 501, the Supreme Court interpreted the language of § 924(c)(1) and concluded that, to be convicted of either "using" or "carrying" a firearm under the statute, a defendant must do more than merely possess or store a firearm. The *Bailey* Court's interpretation of the statute overturned settled circuit precedent that evidence of possession alone is sufficient to support a conviction under § 924(c)(1).

On remand, Taylor asserts that, after *Bailey,* there was insufficient evidence to convict him of either "using" or "carrying" a firearm under § 924(c)(1). While the government concedes that there was insufficient evidence in this case to support Taylor's conviction under the "use" prong of § 924(c)(1), it contends that there was sufficient evidence to support a conviction under the "carrying" prong of the statute. The government further argues that, because Taylor failed to object to the jury instructions, the instructions should be reviewed for plain error. It contends that, taking the instructions as a whole, there was no plain error and the conviction for carrying a firearm should be affirmed.

## A. Sufficiency of the Evidence

■ Although the government's concession that there was insufficient evidence to convict Taylor of "use" of a firearm does not automatically govern this Court's disposition, *see, e.g., Gibson v. United States,* 329 U.S. 338, 344 n. 9, 67 S.Ct. 301, 304 n. 9, 91 L.Ed. 331 (1946), that concession unquestionably is correct. Under *Bailey,* a conviction under the use prong of § 924(c)(1) requires "evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." — U.S. at ——, 116 S.Ct. at 505 (emphasis in the original); *see United States v. Riascos–Suarez,* 73 F.3d 616, 623 (6th Cir.), *cert. denied,* — U.S. ——, 117 S.Ct. 136, 136 L.Ed.2d 84 (1996). The instant case is devoid of evidence that defendant used any firearm within the meaning of *Bailey.*

■ Defendant contends that the evidence also was insufficient to support a conviction for "carrying" under § 924(c)(1). *Bailey* not only addressed the definition of "using" a firearm, but also "provide[d] some guidance regarding the correct application of the 'carry' prong of section 924(c)(1)." *Riascos–Suarez,* 73 F.3d at 623. Following *Bailey,* in order to support a conviction for carrying a firearm in violation of § 924(c)(1), "the firearm must be immediately available for use— on the defendant or within his or her reach." *Riascos–Suarez,* 73 F.3d at 623. Subsequently, in *United States v. Moore,* 76 F.3d 111, 113 (6th Cir.1996), this Court clarified its decision in *Riascos–Suarez,* holding that immediate availability was a necessary but alone not a sufficient predicate for a conviction for carrying a firearm. The *Moore* court held that the government must prove both that the weapon was immediately accessible to the defendant and that the defendant was in the process of transporting the firearm during and in relation to a drug trafficking crime. *Moore,* 76 F.3d at 113.

■ In the instant case, Taylor was arrested after the vehicle in which he was a passenger was stopped. At the time of his arrest, Taylor had 9.5 grams of cocaine base in his pants pocket. Another 6.6 grams was found in an open purse behind the driver's seat. A loaded semi-automatic pistol was found under the front passenger seat in the vehicle, the seat Taylor occupied. The arresting officers testified that the vehicle conducted evasive maneuvers while it was being followed. Officer Randy Smith testified that he observed Taylor repeatedly look back at the unmarked vehicle following him. Smith testified that he observed Taylor make a number of unusual and erratic movements inside the car during the time he was being followed. While the officers could not see Taylor's specific actions, they observed Taylor twice lean forward "as if he were—he was reaching underneath the seat."

Such evidence is sufficient to raise the reasonable inference that Taylor was knowingly transporting the weapon during and in relation to his possession of cocaine base. In addition, a jury could conclude that the handgun was available for immediate use by Taylor when located under his seat in the vehicle. *See Riascos–Suarez,* 73 F.3d at 623 (finding that the presence of a loaded firearm in the console of defendant's vehicle was sufficient to support an *Alford* plea under the "carrying" prong of § 924(c)(1)). We therefore conclude that the government offered sufficient evidence for the jury to conclude that Taylor was carrying a firearm during and in relation to a drug trafficking crime.

## B. Jury Instructions

■ Having concluded that the facts of this case would support a conviction under § 924(c)(1) for carrying a firearm but not for using a firearm, the question remains whether the jury was properly instructed as to the elements of an offense under section 924(c)(1). Because defendant made no objection, the instructions are reviewed for plain error. FED.R.CRIM.P. 52(b); *see United States v. Olano,* 507 U.S. 725, 730–31, 113 S.Ct. 1770, 1775–76, 123 L.Ed.2d 508 (1993).

■ In order to find plain error, an appellate court must make three determinations. First, it must conclude that the district court committed unwaived error. *Olano,* 507 U.S. at 732–34, 113 S.Ct. at 1776–78. Second, the error must be plain, that is, clear and obvious under current law. *Id.* at 734, 113 S.Ct. at

1777–78. Third, the court must find that the error affected a substantial right of the defendant by prejudicially influencing the outcome of the district court proceedings. *Id.* at 734–35, 113 S.Ct. at 1777–78. Where these conditions are met, the court will find plain error if the error " 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " *Id.* at 736, 113 S.Ct. at 1779 (quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)); *see United States v. Thomas,* 11 F.3d 620, 629–30 (6th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1570, 128 L.Ed.2d 214 (1994).

Here, the district court instructed the jury as follows:

> Three essential elements are required to be proved beyond a reasonable doubt in order to establish the offense of unlawfully carrying a firearm charged in Count[s 3 and] 5 of the indictment:
>
> First, the defendant committed a drug trafficking offense.
>
> Second, the defendant knowingly carried a firearm during and relation to that drug trafficking offense. . . .
>
> Regarding Count 5, the second element of the offense requires proof beyond a reasonable doubt that the defendant Eric Taylor knowingly used or carried a firearm during or in relation to the count, Count 4 drug trafficking offense discussed in the first element of this offense.
>
> The Government need not show that the defendant actually carried the firearm on his person. The Government need only show that the—that the defendant had possession of the weapon in the—in the sense that he had both the power and the intention, at a given time, to exercise dominion or control over it. . . .
>
> To prove that the firearm was used or carried quote during or in relation to a drug trafficking crime, the Government must prove beyond a reasonable doubt that the using or carrying of the firearm facilitated, or had the potential for facilitating, the commission of the offense. In other words, if the possession of a firearm was merely inadvertent or unrelated to the crime and neither played a role nor had

> the potential for playing a role in the crime, then you may not convict the defendant . . .
>
> The mere presence of the—the accused in a motor vehicle . . . where firearm [is] found is insufficient to establish that the accused knowingly possessed such weapons . . .

Thus, the jury could convict Taylor if it found that he "had possession of the weapon . . . in the sense that he had both the power and intention, at a given time, to exercise the dominion or control over it." As previously noted, after *Bailey,* possession of a firearm is not sufficient to support a conviction under § 924(c)(1). *Bailey,* —— U.S. at ——, 116 S.Ct. at 505. Consequently, the instruction as given, while correct at the time of trial, is erroneous after *Bailey.* Moreover, there was no waiver of the error as the Supreme Court has defined "waiver." *See Olano,* 507 U.S. at 733, 113 S.Ct. at 1777 (distinguishing "waiver," which constitutes "intentional relinquishment or abandonment of a known right," from "forfeiture," which is a "failure to make the timely assertion of a right").

The second determination, whether the error is clear under current law, raises a question expressly left unanswered by *Olano*— whether "current law" means the law as it existed at the time of trial or the law at the time of the appeal. *See Olano,* 507 U.S. at 734, 113 S.Ct. at 1777 (declining to consider "the special case where the error was unclear at the time of trial but becomes clear on appeal because the applicable law has been clarified"). Most other circuits that have directly addressed this issue have concluded that "current law" as used in plain error analysis means the law current at the time of the appeal, not at trial. *See United States v. Baumgardner,* 85 F.3d 1305, 1308 (8th Cir. 1996); *United States v. Ross,* 77 F.3d 1525, 1539 (7th Cir.1996); *United States v. Viola,* 35 F.3d 37, 42 (2d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1270, 131 L.Ed.2d 148 (1995); *United States v. Retos,* 25 F.3d 1220, 1230 (3d Cir.1994); *see also United States v. Washington,* 12 F.3d 1128, 1139 (D.C.Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 98, 130 L.Ed.2d 47 (1994) (holding that an appellate court may consider issues not raised at trial

where a supervening decision has changed the law in appellant's favor and the law was so well-settled at the time of trial that any attempt to change it would have appeared pointless). *Id.* at 1139 (citing cases).

■ We too conclude that "current law" for purposes of plain error analysis is the law existing at the time of review. This approach is consistent with practical considerations of judicial proceedings. *Baumgardner*, 85 F.3d at 1308; *see United States v. David*, 83 F.3d 638, 644–45 (4th Cir.1996) (acknowledging that requiring an objection contrary to then-existing precedent would not serve the orderly administration of justice that underlies the contemporaneous objection rule of FED.R.CRIM.P. 52(b)). Under the present state of the law, the error in the instruction is clear.

Although the District Court committed unwaived error and that error is clear under current law, we are unable to say that the error has affected Taylor's substantial rights by prejudicially influencing the outcome of the trial proceedings. Instead, we conclude that a properly instructed jury would have returned a guilty verdict under the "carry" prong of 18 U.S.C. § 924(c)(1).

In order for a defendant to be convicted of carrying a firearm in violation of § 924(c)(1), the defendant must have physically transported the firearm in relation to the drug-trafficking crime and the firearm must have been immediately available for use. *Moore*, 76 F.3d at 113; *Riascos–Suarez*, 73 F.3d at 623. Here, the gun, which was loaded and under the defendant's seat, was easily within his reach and available for immediate use.

*See United States v. Baker*, 78 F.3d 1241, 1248 (7th Cir.1996) (finding that a properly instructed jury would have concluded that the defendant was carrying the gun located under the driver's seat, easily within defendant's reach, and available for immediate use); *Riascos–Suarez*, 73 F.3d at 623 (holding that a gun placed in the console of a vehicle was immediately available for use). Further, to find that the defendant used or carried a firearm in violation of 18 U.S.C. § 924(c)(1), the district court required the jury to find that the gun had a role or potential role in the drug-trafficking crime. A reasonable juror who found that the gun had a role or potential role in the drug-trafficking crime charged in count 4, possession of cocaine with intent to distribute, could only conclude that the gun was being transported during and in relation to that crime. Because a properly instructed jury would have concluded that defendant physically transported a firearm that was immediately available for use, the error did not affect a substantial right of the defendant and, therefore, we find no plain error in the jury instructions.[1] Accordingly, we affirm Taylor's conviction on the weapon charge.

## CONCLUSION

For the foregoing reasons, Taylor's conviction on count 5, the firearm count for violation of 18 U.S.C. § 924(c)(1), is hereby AFFIRMED and the remaining convictions are AFFIRMED in accordance with this Court's original opinion.

HILLMAN, District Judge, dissenting.

I concur in the panel's opinion, with the exception of its ultimate conclusion that the

---

[1]. The dissent asks "at what distance from defendant would the majority concede that whether a weapon was immediately available was a question of fact for the jury?" The question implies that the majority would take that question away from the jury. We would not. We merely conclude that any rational juror who had concluded that defendant possessed the gun, which could only be based on crediting testimony that he was seen reaching down as if putting the gun under the seat, would have to conclude that the gun was immediately available. The dissent also suggests that the jury could have found that the gun fortified the possession or distribution of cocaine base before or after it was being transported. There was, however, no evidence that defendant

possessed this cocaine before the particular travel which was occurring at the time of arrest.

While the dissent relies on *United States v. Miller*, 84 F.3d 1244, 1257 (10th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 443, 136 L.Ed.2d 339 (1996), that case is distinguishable on its facts since the gun in that case was in a large black bag in the rear of the van. Even so, the court found that to be sufficient to submit to the jury as evidence of carrying, but remanded for a new trial because the evidence was not sufficiently compelling.

We also note that among the cases relied on by the Tenth Circuit are some where firearms under the seat or on passenger footboards are held to be immediately available.

error in the jury instructions did not affect Taylor's substantial rights. Because I believe that Taylor's substantial rights have been adversely affected and that the failure by this court to correct the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings," *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993), I would vacate Taylor's conviction on the firearm count and remand the case for retrial.

The majority concludes that Taylor's substantial rights have not been affected because a reasonable jury under the circumstances of this case and on the instructions as given, "could only conclude that the gun was being transported during and in relation to [a drug trafficking] crime." In reaching such a conclusion, I respectfully suggest that the majority has substituted its own conclusion about what reasonable jurors likely would conclude in place of a determination of what such jurors must conclude. Because I believe reasonable jurors could differ on whether the gun in question was being "carried" in relation to the crime, and because I believe that defendant was entitled to have a jury, not this court, determine his guilt or innocence on this issue, I respectfully dissent.

At the outset, I question the court's reliance on plain error review under FED. R.CRIM.P. 52(b). The requirement of a contemporaneous objection under Rule 52(b) was designed to further the goal of judicial efficiency and economy. Ordinarily, if a defendant fails to object to an instruction prior to the verdict, he should not be entitled to another shot at a jury simply because an error in the instruction is later pointed out to the court of appeals.

Here, Taylor failed to object to the court's instruction which drew no distinction between "use" of and "carrying" of a firearm. However, at the time of the trial, circuit precedent clearly established the correctness of the instruction as given. The instruction became erroneous only while this case was on appeal, when a new decision of the Supreme Court fundamentally altered the statutory interpretation of section 924(c). Taylor cannot fairly be said under these circumstances to have either "waived" (that is, "vol-untarily relinquish[ed]") or "forfeited" (that is, "failed to make a timely assertion") of his rights. *See Olano*, 507 U.S. at 733, 113 S.Ct. at 1777 (discussing difference between waiver and forfeiture). It is indisputable that under the law as it existed at the time of Taylor's trial a contemporaneous objection to the district judge would have been frivolous. Requiring defendant to make frivolous objections turns the rationale for the rule on its head. To require defendant to make an objection to a legally valid instruction on the outside chance that the underlying legal principle might be overturned while his case is on appeal makes no sense. Such a rule encourages an endless stream of meaningless objections designed to preserve all potential errors, however unreasonable under existing law. A flood of frivolous objections to all instructions will mask potential legitimate objections and inevitably complicate and make more difficult the role of the district judge. *See United States v. Keys*, 95 F.3d 874, 879 (9th Cir.1996) (en banc).

In addition, it is undisputed that defendant is entitled to the benefit of a change in the law that occurs while his conviction is on direct appeal. *Griffith v. Kentucky*, 479 U.S. 314, 322, 107 S.Ct. 708, 713, 93 L.Ed.2d 649 (1987) ("failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication"). Overly strict interpretation of the "plain error" rule undermines this principle. *Keys*, 95 F.3d at 879.

Two circuits have concluded that the plain error analysis does not apply where, under well-settled precedent, an instruction was not erroneous at the time of trial. *See Keys*, 95 F.3d at 878 (holding that court should review for reversible error rather than plain error where the "solid wall" of authority has been overturned since trial and contemporaneous objection would have been pointless); *United States v. Washington*, 12 F.3d 1128, 1138–39 (D.C.Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 98, 130 L.Ed.2d 47 (1994) (holding that an appellate court may consider issues not raised at trial where a supervening decision has changed the law in appellant's favor and the law was so well-settled at the time of trial that any objection would have been baseless).

*Cf. United States v. David,* 83 F.3d 638, 644–45 (4th Cir.1996) (acknowledging that requiring an objection contrary to then-existing precedent would not serve the orderly administration of justice that underlies the contemporaneous objection rule of Fed. R.Crim.P. 52(b)). Similarly the Second Circuit has held that such change in the law shifts the burden of proof to the government to show that no substantial prejudice exists. *United States v. Viola,* 35 F.3d 37, 42 (2d Cir.1994) (holding that where objection at the time of trial would have been pointless, burden shifts to government to prove lack of prejudice), *cert. denied,* —— U.S. ——, 115 S.Ct. 1270, 131 L.Ed.2d 148 (1995). *See also, United States v. Baumgardner,* 85 F.3d 1305, 1309 n. 2 (8th Cir.1996) (citing with approval *Viola,* 35 F.3d 37, but finding it unnecessary to decide the question). However, although the analysis of the District of Columbia and Ninth Circuits is persuasive, I would not reach the question of whether a different standard of review should be applied where a supervening decision has changed the law, because I conclude that defendant has shown the prejudice required under the plain error rule.

At the heart of this case is Taylor's constitutional right to a jury finding of guilt beyond a reasonable doubt on all elements of the offense for which he has been convicted. Because the majority is persuaded that all reasonable jurors would have found Taylor guilty if the instructions had been correct, it has further determined that the admitted instructional error has not affected substantial rights. It is this conclusion that I am unable to accept.

In assessing whether an error has affected substantial rights under Fed.R.Crim.P. 52(a), a court must determine whether the error was "harmless beyond a reasonable doubt." *Arizona v. Fulminante,* 499 U.S. 279, 294, 111 S.Ct. 1246, 1256–57, 113 L.Ed.2d 302 (1991). On plain error review under Fed. R.Crim.P. 52(b), the analysis is nearly identical, but the burden falls on defendant to prove the error affected his substantial rights. *Olano,* 507 U.S. at 734, 113 S.Ct. at 1777–78 (holding that the difference between review for harmless error under Fed.

R.Crim.P. 52(a) and plain error under Rule 52(b) is a shift in the burden of proof); *Baumgardner,* 85 F.3d at 1309 (same).

The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." U.S. Const. amend. VI, cl. 1. "The right includes, of course, as its most important element, the right to have the jury, rather than the judge, reach the requisite finding of 'guilty.'" *Sullivan v. Louisiana,* 508 U.S. 275, 277, 113 S.Ct. 2078, 2080, 124 L.Ed.2d 182 (1993). In addition, under the Fifth Amendment, the defendant is entitled to have the jury decide his guilt on every element of the offense "beyond a reasonable doubt." *Id.* at 278, 113 S.Ct. at 2080–81.

Here, the instructions under which Taylor was convicted were radically different from those necessary to support a conviction after *Bailey.* The jury instruction drew no distinction between "use" of and "carrying" of a firearm. The instruction allowed the jury to find guilt on facts that permitted but did not require a conclusion that Taylor was "carrying" a firearm within the meaning of the statute.

As the majority has stated, under this circuit's post-*Bailey* case law, a defendant may be convicted of carrying a firearm where he physically transports a firearm during and in relation to a drug trafficking offense and where the firearm is immediately accessible to him. *United States v. Moore,* 76 F.3d 111, 113 (6th Cir.1996). In other words, to support a carrying conviction, a weapon must be both physically transported and immediately accessible to the defendant both during and in furtherance of a drug offense. In the instant case, the jury was not instructed that it must find either element.

First, the jury was not instructed that the weapon must be immediately available to the defendant. On proper instruction, the jury could reasonably have concluded that a firearm located under the seat was not sufficiently proximate to be considered immediately available to Taylor. A jury could, for example, consider the fact that the barrel

rather than the grip of the firearm was closest to Taylor undermined a finding that the weapon was immediately available for his use. I cannot accept the majority's conclusion that, although no juror ever was asked to consider the question, every reasonable juror *must* find that this weapon was immediately available for defendant's use. At what distance from defendant would the majority concede that whether a weapon was immediately available was a question of fact for the jury?

Second, the jury in the instant case was not instructed that it must find that the weapon was being transported during and in relation to a drug trafficking offense. The jury instead was instructed that it must find that the possession of the firearm

> facilitated, or had the potential for facilitating, the commission of the offense. In other words, if the possession of a firearm was merely inadvertent and unrelated to the crime and neither played a role nor had the potential for playing a role in the crime, then you may not convict the defendant under ... Count 5.

This language was taken, in part, from the Supreme Court's decision interpreting the "during and in relation to" language of the statute. *Smith v. United States,* 508 U.S. 223, 238, 113 S.Ct. 2050, 2058–59, 124 L.Ed.2d 138 (1993). However, on the facts before this court, the jury may have concluded only that Taylor possessed the firearm and that possession had the potential to play a role in the possession or distribution of the cocaine base either before or after the time it was being transported. The jury need not have concluded and in fact was not asked to find that the firearm was immediately available and was being transported both during and in relation to the drug trafficking offense. In other words, under the trial court's instructions the jury could have concluded that while Taylor "possessed" the weapon in relation to his drug trafficking offense, he was not "transporting" it for that purpose at the time of his arrest. After *Bailey,* possession would not be legally sufficient. *See United States v. Miller,* 84 F.3d 1244, 1257 (10th Cir.) (holding that the mere presence of a firearm in a van with drugs

does not necessarily amount to "carrying" under § 924(c)(1)), *cert. denied,* —— U.S. ——, 117 S.Ct. 443, 136 L.Ed.2d 339 (1996).

It is axiomatic that where a jury could have convicted on a legally incorrect theory, a court may not affirm a conviction simply because the evidence was sufficient to support a conviction on a different, legally correct ground. *Miller,* 84 F.3d at 1257 (citing *Griffin v. United States,* 502 U.S. 46, 58–60, 112 S.Ct. 466, 473–75, 116 L.Ed.2d 371 (1991)); *United States v. Smith,* 82 F.3d 1564, 1567 (10th Cir.1996); *United States v. Giraldo,* 80 F.3d 667, 675–76 (2d Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 135, 136 L.Ed.2d 83 (1996); *United States v. Palazzolo,* 71 F.3d 1233, 1238 (6th Cir.1995).

Moreover, because of the serious difference between the correct instruction and the one given below, this is not a case in which the court can conclude that the jury reached "functionally equivalent" factual findings under the erroneous instructions. *See Sullivan,* 508 U.S. at 281, 113 S.Ct. at 2082–83; *Baumgardner,* 85 F.3d at 1309–10 & n. 5. *Cf. Pope v. Illinois,* 481 U.S. 497, 503, 107 S.Ct. 1918, 1922, 95 L.Ed.2d 439 (1987) (erroneous instruction subject to harmless error review where question of social value was considered by jury, even if under an improper standard); *Rose v. Clark,* 478 U.S. 570, 580, 106 S.Ct. 3101, 3107, 92 L.Ed.2d 460 (1986) (erroneous shift in presumption could be found harmless where jury was still required to find the existence of the predicate facts beyond a reasonable doubt). No portion of the instruction as given required the jury to assess whether the weapon was being transported in relation to the drug trafficking offense. No portion of the instruction required the jury to evaluate proximity of the weapon. *See Keys,* 95 F.3d at 881 (erroneous instruction not harmless where there existed no jury findings from which the court could conclude the jury necessarily found the omitted element). *Cf. United States v. Mua,* 87 F.3d 1101, 1106–07 (9th Cir.1996) (observing that jury had received instructions requiring it to evaluate proximity and availability of weapon); *United States v. Holmes,* 93 F.3d 289, 294–95 (7th Cir.1996) (observing that in *United States v. Baker,* 78 F.3d 1241

(7th Cir.1996), where conviction was upheld on carrying prong for a weapon located under driver's seat, instructions required the jury to evaluate the proximity of the weapon); *United States v. Gonzalez*, 93 F.3d 311, 320–21 (7th Cir.1996) (noting that in *Baker*, 78 F.3d 1241, the jury had been properly instructed on the carrying prong). The jury, therefore, was never required to make the factual findings necessary under the carrying prong.

I conclude that because the jury was never instructed to make the necessary factual findings, the case must be reversed consistent with *Sullivan*, 508 U.S. 275, 113 S.Ct. 2078. As Judge Scalia observed in *Sullivan*, an appeals court may not find erroneous jury instructions to be harmless where the error prevented the jury from making the necessary factual findings of guilt, regardless how overwhelming the evidence:

The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error. That must be so, because to hypothesize a guilty verdict that was never in fact rendered—no matter how inescapable the findings to support that verdict might be—would violate the jury-trial guarantee.

\* \* \* \* \* \*

The most an appellate court can conclude is that a jury would surely have found petitioner guilty beyond a reasonable doubt—not that the jury's actual finding of guilty beyond a reasonable doubt would surely not have been different absent the constitutional error. That is not enough. The Sixth Amendment requires more than appellate speculation about a hypothetical jury's action, or else directed verdicts for the state would be sustainable on appeal; it requires an actual jury finding of guilty.

*Sullivan*, 508 U.S. at 279–80, 113 S.Ct. at 2081–82. *See Carella v. California*, 491 U.S. 263, 269, 109 S.Ct. 2419, 2422, 105 L.Ed.2d 218 (1989) (Scalia, J., concurring) ("[T]he question is not whether guilt may be spelt out of a record, but whether guilt has been found by a jury according to the procedure

and standards appropriate for criminal trials.") (citations omitted); *Keys*, 95 F.3d at 881. *See also generally*, Harry T. Edwards, *To Err Is Human But Not Always Harmless: When Should Legal Error Be Tolerated*, 70 N.Y.U.L.Rev. 1167 (1995) (discussing harmless and plain error doctrines and cautioning against substitution of appellate court's conclusions about guilt).

Our decision in *United States v. Riascos–Suarez*, 73 F.3d 616 (6th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 136, 136 L.Ed.2d 84 (1996), is not to the contrary. In *Riascos–Suarez*, we held only that the presence of a firearm in the console of a vehicle created a sufficient factual basis for the acceptance of a guilty plea in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Nothing in *Riascos–Suarez* suggests that a jury would be required to make such a finding on these facts.

Indeed, I believe that the instant case falls squarely within our decision in *Moore:*

Our pre-*Bailey* definition of "use" was so broad that neither party had a reason to focus on the factual issues relevant to the "carry" prong, i.e., immediate availability and physical transportation. More important, the evidence and jury instructions allowed the jury to convict even if it believed that there was no gun within Moore's reach, or that Moore had not physically transported any gun during and in relation to his drug trafficking crime. In fact, the jury instructions drew no distinction between "use" and "carry" at all.

76 F.3d at 113. *See also United States v. Webster*, 84 F.3d 1056, 1066 n. 8 (8th Cir. 1996) (rejecting government's characterization of carrying instruction as adequate where definitions of "use" and "carry" not distinct); *United States v. Spring*, 80 F.3d 1450, 1465–66 (10th Cir.1996) (finding plain error where instructions did not distinguish between "use" and "carry"), *cert. denied*, —— U.S. ——, 117 S.Ct. 385, 136 L.Ed.2d 302 (1996). Like the panel in *Moore*, I "cannot say that the jury in the instant case, if presented with the correct law under *Bailey* and *Riascos–Suarez*, would necessarily have

found [defendant] guilty of carrying a firearm in relation to a drug trafficking offense." *Moore,* 76 F.3d at 113.

I am aware that at least one court of appeals has upheld a § 924(c) conviction on remand after *Bailey* where the firearm at issue was located underneath the seat in which he was riding. *See United States v. Baker,* 78 F.3d 1241, 1247–48 (7th Cir.1996) (finding no plain error because properly instructed jury would necessarily have found loaded and cocked firearm located under driver's seat on top of bag of cocaine to have been "carried" by driver). As I previously noted, however, the Seventh Circuit subsequently has observed both that the instruction given in *Baker* required the jury to evaluate proximity of the weapon and that the instructions given to the jury under the carrying prong were accurate. *Holmes,* 93 F.3d at 294–95; *Gonzalez,* 93 F.3d at 320–21. *Compare United States v. Mua,* 87 F.3d 1101, 1103–04 (9th Cir.1996) (concluding that handgun in open duffel bag on floor on passenger side of car was immediately available to driver, observing that weapon was indisputably within reach because defendant actually reached for it), *with United States v. Caldwell,* 97 F.3d 1063, 1069 (8th Cir.1996) (remand required where instructions did not distinguish between "use" and "carry," despite fact that gun located within reach in passenger compartment of vehicle); *United States v. Herron,* 97 F.3d 234, 238 (8th Cir. 1996) (remanding where loaded pistol located between driver's seat and console next to driver's seat); *United States v. Simpson,* 94 F.3d 1373, 1379–80 (10th Cir.1996) (holding remand required where instruction allowed conviction for possession only, despite fact that firearm found under front seat of car in which defendant riding); *United States v. Giraldo,* 80 F.3d 667, 677 (2d Cir.1996) (finding sufficient evidence to convict driver but not passenger where firearm located in console change compartment was equidistant from each), *cert. denied,* —— U.S. ——, 117 S.Ct. 135, 136 L.Ed.2d 83 (1996); *Miller,* 84 F.3d at 1257 (presence of firearm inside van passenger compartment not sufficient to require finding of "carrying"). On the facts and instructions of this case, I am unable to conclude either that the jury implicitly reached the necessary findings or that such findings would be required.

Finally, because I am uncertain whether a properly instructed jury would have found Taylor guilty of violating § 924(c)(1), I believe that the failure of this court to correct the district court's error will "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings." *Olano,* 507 U.S. at 736, 113 S.Ct. at 1779. *See Webster,* 84 F.3d at 1067. *Cf. Moore,* 76 F.3d at 113 (implicitly finding plain error by vacating conviction because of inadequacy of jury instructions after *Bailey* ). Moreover, as the *Olano* Court has observed, "[a]n error may seriously affect the fairness, integrity or public reputation of judicial proceedings independent of defendant's innocence." *Olano,* 507 U.S. at 736–37, 113 S.Ct. at 1779 (internal quotation omitted). To affirm a conviction where a jury has not made the factual findings necessary to prove all elements of the offense unquestionably undermines fundamental constitutional rights to a jury trial and to the requirement of a finding of guilt beyond a reasonable doubt. *See Sullivan,* 508 U.S. at 279–80, 113 S.Ct. at 2081–82.

> It is important that justice be done but it is also important that justice seem to be done. . . . It is not a miscarriage of justice to convict a guilty man, but if he is convicted in a way inconsistent with the fairness and integrity of judicial proceedings, *the courts should invoke the plain error rule in order to protect their own public reputation.*

3A Charles A. Wright, *Federal Practice & Procedure,* § 856, p. 341 & n. 16 (1982 & Supp.1996) (emphasis added).

Having concluded that the jury instructions given by the district judge constitute plain error, I respectfully dissent. Consequently, I would vacate Taylor's firearm conviction and remand for a new trial on that count.